## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**WILLIE SETH CRAIN, JR.,**

      **Petitioner,**

**v.**                              **CASE NO. 8:12-CV-322-T-27EAJ**

**SECRETARY, DEPARTMENT OF**
**CORRECTIONS,**

      **Respondent.**

_____/

### O R D E R

Before the Court are Petitioner's Motion to Withdraw and Appoint Conflict Counsel

(Dkt. 46) filed by Petitioner's appointed counsel, the Office of the Capital Collateral Regional

Counsel-Middle Region ("CCRC-M"), and Petitioner's *pro se* motion to substitute counsel (Dkt. 47)

and supplement to his motion (Dkt. 48). Upon consideration, the motions are DENIED.

Petitioner is a Florida prisoner under sentence of death. CCRC-M was appointed to represent

him in these proceedings. (Dkts. 3, 5). CCRC-M is a state agency responsible for representing

prisoners sentenced to death in their post conviction proceedings. CCRC-M has represented

Petitioner since February 10, 2005, including in his Florida post conviction proceedings (Dkt. 3, ¶¶

4-5). Now Petitioner wants new counsel, contending that his CCRC-M counsel was ineffective

during his state post conviction proceedings.

Specifically, Petitioner contends that CCRC-M counsel was ineffective in failing to present

two ineffective assistance of trial counsel claims during the state court post conviction proceedings,

namely that trial counsel was ineffective in failing to object to the felony murder jury instruction as

to the elements of kidnapping, and failing to argue that kidnapping with intent to commit bodily

harm was not proven (Dkt. 46, p. 3; Dkt. 47, p. 8; Dkt. 48). Petitioner contends that under *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), he should be allowed to pursue these claims which would otherwise be procedurally defaulted.[1] He further contends that "[i]t is a conflict of interest for CCRC-M counsel to raise this claim now" because "CCRC-M would have to allege that CCRC-M counsel was ineffective for failing to raise the issue in their post-conviction 3.851 motion." (Id., p. 6). He therefore requests the Court "appoint conflict free counsel to represent him" in this action (Id.).

## DISCUSSION

The "interests of justice" may justify the substitution of appointed counsel in a federal habeas action. *Martel v. Clair*, 132 S.Ct. 1276, 1287-88 (2012). *See also Lambrix v. Sec'y, Fla. Dep't of Corr.*, 756 F.3d 1246, 1259 (11th Cir. 2014) ("Substitution of. . .federally-appointed counsel is warranted only when it would serve 'the interests of justice.'") (quoting *Martel*, 132 S. Ct. at 1284). A district court, however, "is not required to appoint new counsel to pursue wholly futile claims that are conclusively time barred. . . ." *Lambrix*, 756 F.3d at 1259 (citations omitted). It is apparent that appointing substitute counsel to present Petitioner's proposed ineffective assistance of trial counsel claims would be futile in light of the fact that the proposed claims would be time-barred.

A one-year limitations period applies to Petitioner's proposed claims. See 28 U.S.C. § 2244(d). Pursuant to 28 U.S.C. § 2244,

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

---

[1] Petitioner also appears to request new counsel to present a *Brady/Giglio* claim, and a claim that trial counsel was ineffective in failing to challenge the State's blood evidence (Dkt. 47). The petition, however, raises this ineffective assistance claim (Dkt. 1, pp. 7-9). And, because the *Brady/Giglio* claim is not an ineffective assistance of trial counsel claim, *Martinez* is inapplicable. *See Chavez v. Sec'y, Fla. Dep't of Corr.*, 742 F.3d 940, 945 (11th Cir. 2014) ("the equitable rule established in *Martinez* applies only to excusing a procedural default of ineffective-trial-counsel claims") (citation and internal quotation marks omitted).

(A) the date on which the judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner's conviction became final on October 3, 2005, when the Supreme Court denied certiorari.[2] *Washington v. United States*, 243 F.3d 1299, 1300 (11th Cir. 2001). His one year limitation period under § 2244(d)(1)(A) would therefore expire on October 3, 2006.[3]

On September 8, 2006, twenty-six days before the limitations period expired, Petitioner filed, through CCRC-M, a Florida Rule 3.851 motion seeking post conviction relief.[4]   The limitations period remained tolled until February 6, 2012, when the Florida Supreme Court issued the mandate after affirming the post conviction court's order denying Petitioner's 3.851 motion.[5] *See Nyland v.*

---

[2]Dkt. 1, p. 3.

[3]Petitioner does not assert, nor does the record indicate, that he is entitled to an alternative start date under § 2244(d)(1)(B)-(D).  To the extent Petitioner may be implicitly arguing that the decision in *Martinez*, issued on March 20, 2012, delayed the start of the limitations period pursuant to § 2244(d)(1)(C), the argument is unavailing.  § 2244(d)(1)(C) is not applicable to Petitioner's "Martinez-based claims because Martinez did not announce a new rule of constitutional law." *Lambrix*, 756 F.3d at 1262 (citations omitted). Moreover, even if *Martinez* had announced a new constitutional rule, and § 2244(d)(1)(C) was applicable to Petitioner's claims, Petitioner did not present his new claims to the Court within one year of the decision in *Martinez*.

[4]Dkt. 1, p. 3.

[5]Dkt. 1, p. 12.

3

*Moore*, 216 F.3d 1264, 1267 (11th Cir. 2000) (explaining that state collateral motion remains pending until appellate court issues mandate). On February 15, 2012, seventeen days before the limitations period expired, Petitioner, through CCRC-M, filed his federal habeas petition (Dkt. 1). The limitations period subsequently expired on Monday, March 5, 2012.[6] *See Bridges v. Johnson*, 284 F.3d 1201, 1203 (11th Cir. 2002) ("an application for federal habeas corpus review does not toll the § 2244(d) limitations period") (citing *Duncan v. Walker*, 121 S. Ct. 2120, 2127-28 (2001)). Accordingly, Petitioner's *Martinez*-based claims, presented to the Court for the first time in November 2014, are time-barred unless they relate back to a timely filed claim in his petition. *See Davenport v. United States*, 217 F.3d 1341, 1344 (11th Cir. 2000) ("'Relation back' causes an otherwise untimely claim to be considered by treating it as if it had been filed when the timely claims were filed.").

Fed. R. Civ. P. 15(c) provides in pertinent part that "[a]n amendment to a pleading relates back to the date of the original pleading when. . .the amendment asserts a claim. . .that arose out of the conduct, transaction, or occurrence set out-or attempted to be set out-in the original pleading."[7] The terms "conduct, transaction, or occurrence" are to be narrowly construed and are not synonymous with "trial, conviction, or sentence." *See Mayle v. Felix*, 545 U.S. 644, 660-664 (2005). As the *Mayle* decision makes clear, "relation back depends on the existence of a common 'core of operative facts' uniting the original and newly asserted claims." 545 U.S. at 659. In other words, in order for the claims in an amended petition to relate back, they must be of the same "time and type"

---

[6] 2012 was a leap year, and therefore February had 29 days. See http://www.timeanddate.com/calendar.

[7] See Rule 11 of the Rules Governing Section 2254 Proceedings (district court may apply the Federal Rules of Civil Procedure consistent with the Rules Governing Section 2254 Proceedings).

4

as those in the original petition such that they arise from the same "core of operative facts." *Id.* at 650, 657 (citation omitted).

Petitioner's proposed *Martinez*-based claims do not relate back to any claim alleged in the petition. Although the petition contains several allegations regarding ineffective assistance of trial counsel, the facts underlying these allegations are completely unrelated to Petitioner's proposed claims that his trial counsel was ineffective in failing to object to the felony murder jury instruction as to the elements of kidnapping, and failing to argue that kidnapping with intent to commit bodily harm was not proven.[8] And, while Petitioner presented a claim that the trial court violated his due process rights by instructing the jury on kidnapping with intent to inflict bodily harm as an alternate method of establishing felony murder based on kidnapping,[9] Petitioner's proposed new claims do not relate back to this original claim because the new claims constitute a different type of claim. *See, e.g., Schneider v. McDaniel*, 674 F.3d 1144, 1151-52 (9th Cir. 2012) (petitioner's claim in amended petition that trial court denied petitioner due process in denying motion to sever the trial did not relate back to claim in original petition that counsel was ineffective in failing to file a timely motion to sever because claims of trial counsel's alleged failures "are different in type" from claims of trial court's alleged errors).

Finally, to the extent Petitioner may contend that *Martinez* entitles him to equitable tolling of the limitations period, the Eleventh Circuit has expressly rejected the argument that *Martinez* applies to overcome the statute of limitations bar. *Arthur v. Thomas*, 739 F.3d 611, 630 (11th Cir.

---

[8]In the petition, Petitioner alleged that counsel were ineffective in failing to challenge the State's blood and DNA evidence, challenge the State's medical expert's testimony regarding scratch marks evidence, and adequately present mitigating evidence.

[9]Dkt. 1, p. 20.

2014) ("the *Martinez* rule explicitly relates to excusing a procedural default of ineffective-trial-counsel claims and does not apply to AEDPA's statute of limitations or the tolling of that period."); *Chavez*, 742 F.3d at 946-47 ("we have rejected the notion that anything in *Martinez* provides a basis for equitably tolling the filing deadline.").

In sum, granting Petitioner's request for the appointment of substitute counsel to file his proposed ineffective assistance of trial counsel claims would be futile because they are time-barred. The "interests of justice" therefore do not support the appointment of new counsel.

ACCORDINGLY, it is **ORDERED** that Petitioner's Motion to Withdraw and Appoint Conflict Counsel (Dkt. 46) and *pro se* motion to substitute counsel (Dkt. 47) are **DENIED**.

**DONE and ORDERED** in Tampa, Florida on December 1st , 2014.

**JAMES D. WHITTEMORE**
United States District Judge

SA:sfc
Copy to: Counsel of Record